# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 22-1780V

| | |
|---|---|
| PHILIP WESEMAN,<br><br>     Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>     Respondent. | Chief Special Master Corcoran<br><br>Filed: June 5, 2024 |

*Jessica A. Wallace*, Siri & Glimstad, LLP, Aventura, FL, for Petitioner.

*Eleanor Hanson*, U.S. Department of Justice, Washington, DC, for Respondent.

## DECISION ON ATTORNEY'S FEES AND COSTS[1]

On December 5, 2022, Philip Weseman filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that he suffered a shoulder injury related to vaccine administration following an influenza vaccine received on December 13, 2021. Petition, ECF No. 1. On January 4, 2024, I issued a decision awarding compensation to Petitioner based on the Respondent's proffer. ECF No. 28.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $38,947.91 (representing $38,013.20 in fees, plus $934.71 in costs). Petitioner's Application for Attorney's Fees and Costs ("Motion") filed February 14, 2024. ECF No. 36. Furthermore, Petitioner filed a signed statement representing that he incurred no out-of-pocket expenses. ECF No. 32.

Respondent reacted to the motion on February 15, 2024, reporting that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. Respondent's Response to Motion at 2-3, ECF No. 37. Petitioner did not file a reply thereafter.

I have reviewed the billing records submitted with Petitioner's request and find a reduction in the amount of fees to be awarded appropriate, for the reasons stated below.

## ANALYSIS

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson*, 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private

2

practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

## ATTORNEY FEES

Petitioner requests hourly rates for attorneys performing work in this matter as follows:

|  | **2022** | **2023** | **2024** |
|---|---|---|---|
| Jessica A. Wallace, Esq. | $275 | $285 | X |
| Daisy Mazoff, Esq. | $375 | $389 | $403 |
| Dana Stone, Esq. | $360 | X | X |
| Paralegals | $174 | $180 | $187 |

The hourly rates requested for Attorney Wallace and her paralegals are reasonable and consistent with prior determinations and will therefore be awarded herein. The requested rates for Attorneys Mazoff and Stone, however, require further evaluation.

Ms. Mazoff was previously awarded the rate lesser rate of $375 per hour for all time billed in 2023, less than what is being requested herein. *See W.R., v. Sec'y of Health & Hum. Servs.,* No. 20-1401, Slip Op, 60 (Fed. Cl. Spec. Mstr. Oct. 23, 2023). And retroactive rate increases are not permitted in the Vaccine Program. *See*, e.g. *Ramirez* v. *Sec'y of Health & Hum. Servs*., No. 16-1180V, 2019 WL 948385, at *2 (Fed. Cl. Spec. Mstr. Jan. 30, 2019) (noting that counsel "should only submit billing logs that reflect the hourly rate previously awarded to him."). I find no reason to deviate from such reasoned determination, and therefore reduce Ms. Mazoff's 2023 rate to be consistent with *W.R.* For time billed in 2024, however, I hereby award Ms. Mazoff her requested rate of $403, representing an increase of $28 from the previous year. **Application of the foregoing results in a reduction in the amount of fees to be awarded herein of $483.00.**[3]

Additionally, Petitioner is requesting the hourly rate of $360 for 2022 work performed by attorney Dana Stone. However, Petitioner did not file an affidavit or any other supporting information to supplement the requested hourly rate. Accordingly, I do not endorse the approval of Ms. Stone's hourly rate at this time. It is incumbent upon Petitioner's counsel to submit an affidavit in the future to support such requests. (But since Ms. Stone did not incur any fees in this matter at the requested rate, no further reduction in the amount of fees is warranted in the context of this fees decision (although counsel should adhere to its findings in future fees request motions)).

---

[3] This amount consists of: ($389 - $375 = $14 x 34.50 hrs. = $483.00).

Petitioner has otherwise provided supporting documentation for all claimed costs. ECF No. 36-1 at 34-39. Respondent offered no specific objection to any cost items. I find the requested costs to be reasonable and shall award them in full.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT in part Petitioner's Motion for attorney's fees and costs. I award a total of **$38,464.91 (representing $37,530.20 in fees plus $934.71 in costs) as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel, Jessica A. Wallace.** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this Decision.[4]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[4] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.